COMMONWEALTH OF KENTUCKY
OLDHAM COUNTY CIRCUIT COURT
CASE NO. 17-CI-00198

ST. FRANCIS SCHOOL, INC.                                             PLAINTIFF

v.      **DEFENDANT PEAK CONSTRUCTION'S,
ANSWER & CROSS-CLAIM AGAINST CO-DEFENDANTS**

PEAK CONSTRUCTION, INC., et al.                                      DEFENDANTS

Comes the Defendant, Peak Construction, Inc. ("Peak") by counsel, and for its answer to the complaint filed against it by the Plaintiff, St. Francis School, Inc, states as follows:

### FIRST DEFENSE

1.  The Complaint fails to state a cause of action against Peak for which relief may be granted, and therefore should be dismissed with prejudice.

### SECOND DEFENSE

2.  Peak admits the allegations contained in paragraph 1 and 55 of the Plaintiff's complaint.

3.  Peak is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 85, 86, 87, 90, 91, 92, 93, 95, 96, 97, 98, 100, 101,

**Exhibit E**



102, 103, 105, 106, 107, 108, 110, 111, and 113 of the Plaintiff's complaint, and therefore, denies those allegations.

4. In response to paragraphs 20, 64, 80, 99, and 112 of the Plaintiff's complaint, Peak incorporates herein by reference the preceding averments, admissions, denials, and defenses.

5. In response to the allegations contained in paragraph 54 of the Plaintiff's complaint, Peak admits there were two distinct contractual "scope of work" packages with the Plaintiff, and asserts that the terms of those agreements speak for themselves. With respect to the Plaintiff's attempted characterization of the contents of the agreements between Peak and the Plaintiff, and to the extent the Plaintiff's characterizations thereof are incorrect, Peak denies the remainder of the allegations contained in paragraph 54 of the Plaintiff's complaint.

6. Peak denies the allegations contained in paragraphs 56, 57, 58, 114, 115, and 116 of the Plaintiff's complaint.

7. In response to the allegations contained in paragraphs 84, 89, 94, 99, 104, and 109 of the Plaintiff's complaint, Peak states that it relied upon the design, calculations, and detailed drawings and plans provided by the various co-defendants to the extent that these affected the results of Peak's work.

8. Peak denies any and all allegations contained in the Plaintiff's complaint not mentioned or admitted hereinabove.

## THIRD DEFENSE

9.     Peak relies upon and asserts all the affirmative defenses set forth in CR 8.03, including but not limited to comparative fault on the part of the Plaintiff and other parties and non-parties to this action, as well as other persons or entities not under the control of the Defendant Peak, and the relevant statute of limitations.

## FOURTH DEFENSE

10.    As an affirmative defense, Peak asserts that the damages alleged in the complaint, if incurred, were the direct result of the failure of the Plaintiff to mitigate its damages and/or failed to employ such engineers and architects capable of properly designing its structure.

## FIFTH DEFENSE

11.    As an affirmative defense, Peak asserts that the damages alleged in the Complaint, if incurred, were caused by, or the direct result of the negligence of the other Defendants in this case, or other non-parties as yet unknown, but for such negligence the alleged damages would not have occurred.

## SIXTH DEFENSE

12.    As an affirmative defense, this Defendant asserts that the damages alleged in the Complaint, if incurred, were caused by, or the direct result of an act of God, without any action or negligence of Peak, and without such act of God, the alleged damages would not have occurred.

### SEVENTH DEFENSE

13. To the extent any person or entity exists that has paid any amounts to or for the benefit of the Plaintiff for the damages alleged in the complaint, and who have not been properly notified of their subrogation rights, the Plaintiff has failed to comply with KRS 411.188, and its complaint is barred.

### EIGHTH DEFENSE

14. To the extent that the Plaintiff has received any collateral source benefits to which the payor is subrogated to the claims asserted by the Plaintiff, the Plaintiff is not the owner of such claims, and the amounts of any damages claimed herein must be reduced accordingly.

### NINTH DEFENSE

15. The Plaintiff's claims are barred in whole or in part by KRS 411.182 or, in the alternative, liability or fault should be apportioned to it accordingly.

### TENTH DEFENSE

16. The Plaintiff has failed to mitigate its damages.

### ELEVENTH DEFENSE

17. As an affirmative defense, Peak adopts any and all affirmative defenses allowed by the Civil Rules, or raised by any other Defendant to this action as fully their own, to the extent such defenses apply to Peak.

### TWELFTH DEFENSE

18. Peak reserves its right to amend this answer and counterclaim to the extent allowed by the Civil Rules and as further discovery in this case dictates.

WHEREFORE, the Defendant, Peak Construction Inc., by counsel, prays and demands:

1. That the Plaintiff's complaint against it be dismissed, with prejudice;

2. For its costs herein expended, including attorney's fees, if applicable;

3. For a trial by jury on all issues so triable; and

4. For any and all other proper relief to which it may appear entitled.

## CROSS-CLAIMS OF PEAK CONSTRUCTION

Comes the Defendant, Peak Construction, Inc. ("Peak"), by counsel, pursuant to CR 13.07, and for its Cross-claim against BTM Engineering, Inc. ("BTM"); Commonwealth Roofing Corporation ("Commonwealth"); Christopher Mercier Studio (fer), LLC, and Douglas V. Pierson ('Designers"); Hussung Mechanical Contractors, Inc. ("Hussung"); K. Norman Berry Associates ("KNB"); T.C. Peters Construction Company ("Peters Construction"); and FischerSIPS, and Louisville Panels, LLC ("FischerSIPS"), states as follows:

19. Peak reaffirms and restates the jurisdictional statements contained in paragraphs 1 and 7-17 (without the referenced exhibits) of the Plaintiff's complaint.

## COUNT I:   BTM ENGINNERING, INC.

20. Upon information and belief, BTM Engineering, Inc. ("BTM") provided engineering and associated services to the Plaintiff herein, the St. Francis School ("School"), including design calculations and detailed drawings for the new roof of the gymnasium.

5

21. BTM knew, or should have known that other contractors, subcontractors and suppliers would be relying upon such designs and calculations in the performance of their work on the Project.

22. Peak justifiably relied upon such design calculations in the performance of its work on the Project.

23. Specifically, BTM failed to properly and professionally consider each and every factor associated with the use of a SIPS panel roof system, allied with a single ply membrane Dura-Last roofing material being used to protect a school gymnasium.

24. In reliance upon the design and calculations of BTM, Peak constructed the roof system in accordance with the plans and specifications set forth and provided by the School.

25. Any and all damage and failure alleged by the School in this action are the result failure of BTM in whole or in part, to properly and professionally consider each and every factor associated with the specified roof system and planned use of the facility.

## COUNT II: COMMONWEALTH ROOFING CORPORATION

26. Upon information and belief, Commonwealth Roofing Corporation ("Commonwealth") provided engineering and associated services to the Plaintiff herein, the St. Francis School ("School"), including design calculations and detailed drawings for the new roof of the gymnasium.

27. Commonwealth knew, or should have known that other contractors, subcontractors and suppliers would be relying upon such designs and calculations in the performance of their work on the Project.

28. Peak, justifiably relied upon such design calculations in the performance of its work on the Project.

29. Specifically, Commonwealth failed to properly and professionally consider each and every factor associated with the use of a SIPS panel roof system, allied with a single ply membrane Dura-Last roofing material being used to protect a school gymnasium.

30. In reliance upon the design and calculations of Commonwealth, Peak constructed the roof system in accordance with the plans and specifications set forth and provided by the School.

31. Any and all damage and failure alleged by the School in this action are the result failure of Commonwealth in whole or in part, to properly and professionally consider each and every factor associated with the specified roof system and planned use of the facility.

### COUNT III: CHRISTOPHER MERCIER STUDIO (fer), LLC and DOUGLAS V. PIERSON

32. Upon information and belief, Christopher Mercier Studio (fer) (hereinafter "(fer)" and Douglas V. Pierson, individually or in concert with each other (hereinafter "Designers") provided engineering and associated services to the Plaintiff

herein, the St. Francis School ("School"), including design calculations and detailed drawings for the new roof and roof system of the gymnasium.

33. The Designers knew, or should have known that other contractors, subcontractors and suppliers would be relying upon such designs and calculations in the performance of their work on the Project.

34. Peak justifiably relied upon such design calculations in the performance of its work on the Project.

35. Specifically, the Designers, failed to properly and professionally consider each and every factor associated with the use of a SIPS panel roof system, allied with a single ply membrane Dura-Last roofing material being used to protect a school gymnasium. In addition, the Designers failed to coordinate the design factors with the mechanical systems designers to ensure proper function and control of the mechanical systems.

36. In reliance upon the design and calculations of the Designers, Peak constructed the roof system in accordance with the plans and specifications set forth and provided by the School.

37. Any and all damage and failure alleged by the School in this action are the result failure of the Designers, in whole or in part, either alone or in conjunction with others, to properly and professionally consider each and every factor associated with the specified roof system and planned use of the facility.

## COUNT IV: HUSSUNG MECHANICAL CONTRACTORS, INC.

38. Upon information and belief, Hussung Mechanical Contractors, Inc. (hereinafter "Hussung") provided engineering and associated services to the Plaintiff herein, the St. Francis School ("School"), including design calculations and detailed drawings for the mechanical systems including HVAC systems.

39. Hussung, knew, or should have known that other contractors, subcontractors and suppliers would be relying upon such designs and calculations in the performance of their work on the Project.

40. Peak justifiably relied upon such design calculations in the performance of its work on the Project.

41. Specifically, Hussung failed to properly and professionally consider each and every factor required to control interior humidity and/or other air control factors appropriate with the use of a SIPS panel roof system, allied with a single ply membrane Dura-Last roofing material.

42. In reliance upon the design and installation of the mechanical systems by Hussung, the Defendant Peak constructed the roof system in accordance with the plans and specifications set forth and provided by the School.

43. Any and all damage and failure alleged by the School in this action are the result failure of Hussung, in whole or in part, either alone or in conjunction with others, to properly and professionally consider each and every factor associated with the specified roof system and planned use of the facility.

9

## COUNT V: K. NORMAN BERRY ASSOCIATES

44. Upon information and belief, K. Norman Berry Associates ("KNB") was to provide construction contract administration or management for and on behalf of the St. Francis School ("School").

45. KNB knew or should have known that other contractors, subcontractors and suppliers would be relying upon the skill and professionalism of KNB in the exercise of these construction contract management efforts on the Project.

46. Peak justifiably relied upon such construction administration and management by KNB in the performance of its work on the Project.

47. Specifically, KNB, failed to properly and professionally perform its duties under its contract with the School by not monitoring the construction schedule, which allowed Commonwealth Roofing to delay applying the roof membrane until months after the SIPS panels were in place.

48. In reliance upon the skill and professionalism expected from KNB, Peak timely and correctly constructed the roof system in accordance with the plans and specifications set forth and provided by the School.

49. Any and all damage and failure alleged by the School in this action are the result failure of KNB, in whole or in part, either alone or in cooperation with others, to properly and professionally consider each and every factor associated with the specified roof system and planned use of the facility.

## COUNT VI: T.C. PETERS CONSTRUCTION COMPANY

50. Upon information and belief, T. C. Peters Construction Company ("Peters") was to provide Construction Management Services and act as Owner's Advocate for and on behalf of the St. Francis School ("School").

51. Peters knew or should have known that other contractors, subcontractors and suppliers would be relying upon the skill and professionalism of Peters in the exercise of these construction management efforts on the Project.

52. Peak justifiably relied upon such construction management by Peters in the performance of its work on the Project.

53. Specifically, Peters failed to properly and professionally perform its duties under its contract with the School by not properly coordinating the construction schedule. This failure to coordinate the schedule allowed Commonwealth Roofing to delay applying the roof membrane until months after the SIPS panels were in place.

54. In reliance upon the skill and professionalism expected from Peters, Peak timely and correctly constructed the roof system in accordance with the plans and specifications set forth and provided by the School.

55. Any and all damage and failure alleged by the School in this action are the result failure of Peters, in whole or in part, either alone or in cooperation with others, to properly and professionally consider each and every factor associated with the specified roof system and planned use of the facility.

## COUNT VII: FISHERSIPS LLC AND LOUISVILLE PANELS, LLC

56. Upon information and belief, FisherSIPS and Louisville Panels, LLC ("FisherSIPS") entered into a supply contract with Peak Construction to provide SIPS panels as required for the School Project.

57. Peak Construction paid FisherSIPS in full for the materials provided under the contract.

58. As part of its contract with Peak, FisherSIPS was to provide a limited warranty through Peak to the School. This limited warranty stated that the panels would not "delaminate or fail in normal use as the result of a defect in materials or workmanship . . . if such installation and on-site storage are in accordance with the manufacturer's instructions and procedures.

59. In its complaint in this matter, the School alleges that the panels have failed in less than three years of use.

60. The School further alleges that this failure, upon information and belief, resulted in whole or in part from either a defect in materials or workmanship, faulty installation or a combination of those factors.

61. Though Peak denies that such panels have failed, FisherSIPS bears the responsibility for the quality of such Panels and should indemnify Peak for any and all loss it should incur on this Project, resulting from such failure, if any.

## COUNT VIII – CONTRIBUTION AND/OR APPORTIONMENT

1. Peak reaffirms and reiterates all allegations set forth in numerical paragraphs 19 through 61 above as if set forth herein.

2. Peak is entitled to contribution and/or apportionment from BTM Engineering, Inc; Commonwealth Roofing Corporation; Christopher Mercier Studio (fer) and Douglas V. Pierson; Hussung Mechanical Contractors, Inc; K. Norman Berry Associates, Architects, PLLC; T.C. Peters Construction Company; FisherSIPS, LLC and Louisville Panels, Inc ("Cross Defendants:):

**WHEREFORE**, the Defendant, Peak Construction, Inc., by counsel, prays and demands:

1. For a trial by jury on all issues so triable;

2. For judgment in favor of Peak Construction, Inc. and against the Cross-Defendants is required to defend, indemnify, and hold harmless Peak Construction, Inc. for the Plaintiff's claims and any judgment which may be entered upon the Plaintiff's claims;

3. For an apportionment of liability as required by KRS 411.182;

4. For its costs herein expended, including attorney's fees, if applicable; and

5. For any and all other proper relief, both legal and equitable, to which it may appear entitled.

Respectfully submitted,

*/s/ Kelley M. Rule*

Stephen E. Smith, Esq.
Kelley M. Rule, Esq.
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
ssmith@goldbergsimpson.com
krule@goldbergsimpson.com
PH: (502) 589-4440 / FAX: (502) 581-1344
*Counsel for Defendant, Peak Construction, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via regular U.S. Mail, postage prepaid, this 28th day of April, 2017, upon the following:

Kenneth A. Bohnert
Maureen P. Taylor
Conliffe Sandmann & Sullivan
2000 Waterfront Plaza
325 West Main Street
Louisville, Kentucky
*Counsel for Plaintiff*

Commonwealth Roofing Corporation
C/O Michael Sasse
1449 Hugh Avenue
Louisville, Kentucky 40220
*Defendant*

Doug P. Dawson
920 Lily Creek Road, Suite 102
Louisville, Kentucky 40243
*Counsel for Fischersips, LLC & Louisville Panels, LLC*

Robert Brooks, Esq.
Boehl, Stopher & Graves
2300 Aegon Center
400 W. Market Street
Louisville, Kentucky 40202
*Counsel for K. Norman Berry Associates, Architects, PLLC*

Bryce Cotton, Esq.
Blackburn, Domene & Burchett
614 W. Main Street, Suite 3000
Louisville, Kentucky 40202
*Counsel for Hussung Mechanical Contractors, Inc.*

David A. Trevey
Kyle M. Virgin
Fulkerson, Kinkel & Marrs, PLLC
239 North Broadway
Lexington, Kentucky 40507
*Counsel for BTM Engineering, Inc.*

Duro-Last, Inc.
C/O CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601
*Defendant*

John W. Walters
Anthony M. Pernice
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
*Counsel for Fischersips, LLC & Louisville Panels, LLC*

W. Craig Robertson, III
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507
*Counsel for (fer) Studio, LLP and Douglas V. Pierson*

T.C. Peters Construction Co.
C/O Timothy C. Peters
2005 Longest Avenue
Louisville, Kentucky 40204
*Defendant*

*/s/ Kenneth Rull*
Counsel for Defendant,
Peak Construction, Inc.