COMMONWEALTH OF KENTUCKY
OLDHAM CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 17-CI-00198

Electronically Filed

ST. FRANCIS SCHOOL, INC.                                                PLAINTIFF

VS.     **DEFENDANT, T.C. PETERS CONSTRUCTION CO. ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIM AGAINST DEFENDANTS**

BTM ENGINEERING, INC.;
COMMONWEALTH ROOFING CORPORATION;
DURO-LAST, INC.; CHRISTOPHER MERCIER
STUDIO (fer), LLC; FISCHERSIPS, LLC;
HUSSUNG MECHANICAL CONTRACTORS, INC.;
K. NORMAN BERRY ASSOCIATES, ARCHITECTS,
PLLC a/k/a K. NORMAN BERRY ASSOCIATES;
LOUISVILLE PANELS, LLC; PEAK CONSTRUCTION,
INC.; DOUGLAS V. PIERSON, AIA, LEED AP,
BD+C; and T.C. PETERS CONTRCUTION CO.                                   DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    Comes the Defendant, T.C. Peters Construction Co., ("TCP Construction"), by counsel and for its Answer to Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

    1.    This Defendant denies the allegations contained within paragraphs 4, 61, and 62 of the Plaintiff's Complaint.

    2.    With regard to Paragraph 17 of the Plaintiff's Complaint, TCP Construction admits that it is a Kentucky Corporation with its principle place of business located at 2005 Longest Avenue, Louisville, KY and it contracted with the Plaintiff on or about April 10, 2012 for "Construction Management" for the gymnasium project. The contract attached as Exhibit I to

NOT ORIGINAL DOCUMENT
08/15/2018 11:31:24 AM
88890-115

the Plaintiff's Complaint speaks for itself and no response is required. Any allegations contained in Paragraph 17 of the Plaintiff's Complaint not specifically admitted are denied.

3. This Defendant has insufficient knowledge to admit or deny the allegations contained within paragraphs 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 44, 45, 46, 47, 49, 50, 51, 52, 54, 55, 56, 57, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 82, 83, 85, 86, 87, 88, 90, 91, 92, 93, 95, 96, 97, 98, 100, 101, 102, 103, 105, 106, 107, 108, 110, and 111 of the Plaintiff's Complaint and therefore denies same.

4. With regard to Paragraphs 5, 113, 114, 115, and 116 of the Plaintiff's Complaint, TCP Construction denies the allegations contained within those paragraphs which relate to TCP Construction. TCP Construction is without knowledge or information sufficient to admit or deny the remaining allegations in those paragraphs as to other Defendants, and therefore, denies same.

5. With regard to the allegations contained within paragraphs 20, 64, 80, and 112 of the Plaintiff's Complaint, this Defendant adopts and incorporates by reference its corresponding responses to each allegation contained in Plaintiff's Complaint stated herein.

6. Paragraphs 18, 19, and 21, of the Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent a response is required, TCP Construction denies the allegations contained in Paragraphs 18, 19, and 21 of Plaintiff's Complaint.

7. Paragraphs 22, 37, 43, 48, 53, 58, 63, 65, and 81 of the Plaintiff's Complaint are rhetorical and, therefore, no response is required. To the extent a response is required, TCP Construction denies the allegations contained in paragraphs 22, 37, 43, 48, 53, 58, 63, 65, and 81 of the Plaintiff's Complaint.

Filed        17-CI-00198    05/19/2017            Rick Rash, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
08/15/2018 11:31:24 AM
88890-115

8.     With regard to paragraph 59 of the Plaintiff's Complaint, TCP Construction states that the contract speaks for itself and admits that it contracted for "construction management." Any allegations in Paragraph 59 of the Plaintiff's Complaint not specifically admitted are denied.

9.     With regard to paragraph 60 of the Plaintiff's Complaint, TCP Construction admits that the Plaintiff agreed to pay TCP Construction $103,650.00 but TCP Construction did not receive the entire contracted for amount. Any allegations contained in Paragraph 60 of the Plaintiff's Complaint not specifically admitted are denied.

10.    With regard to paragraphs 84, 89, 94, 104, and 109 of the Plaintiff's Complaint, TCP admits that it relied on the information and professional services provided by other contractors for the Gymnasium Project. TCP is without knowledge or information sufficient to admit or deny the remaining allegations in those paragraphs, and therefore denies same. Any allegations contained in paragraphs 84, 89, 94, 104, and 109 of the Plaintiff's Complaint not specifically admitted are denied.

11.    Any allegations not specifically admitted in this Answer are denied.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

The Plaintiff's Complaint fails to state a claim against TCP Construction upon which relief can be granted.

### THIRD DEFENSE

Some or all of the Plaintiff's claims may be barred by the applicable statute of limitations.

ANS : 000003 of 000011

Filed        17-CI-00198    05/19/2017            Rick Rash, Oldham Circuit Clerk

Filed        17-CI-00198    05/19/2017        Rick Rash, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
08/15/2018 11:31:24 AM
88890-115

## FOURTH DEFENSE

Plaintiff failed to timely exhaust requisite statutory and/or contractual remedies available to them prior to commencing this action.

## FIFTH DEFENSE

TCP Construction relies upon all applicable contracts and agreements, in whole or in part, between entities named and not named in this action as defense and bars to any claims made against it in this action.

## SIXTH DEFENSE

The Court may lack subject matter and/or personal jurisdiction over the Plaintiff's Complaint and said Complaint should therefore be removed to a Court of competent jurisdiction or be dismissed with prejudice. Specifically, the contract between Plaintiff and TCP (and other named Defendants) requires any conflicts regarding performance to be submitted to mediation unless there is an agreement between the contracting parties.

## SEVENTH DEFENSE

Subject to and what discovery may reveal, all claims in this lawsuit against TCP Construction are subject to Arbitration requiring dismissal of this action pursuant to KRS Section 417, which states that a written arbitration agreement is "valid, enforceable and irrevocable, save upon grounds as existent law for the revocation of the contract."

## EIGHTH DEFENSE

The claims against TCP Construction are barred by the doctrines of accord and satisfaction, payment, waiver, estoppel, laches, and merger.

ANS : 000004 of 000011

Filed        17-CI-00198    05/19/2017        Rick Rash, Oldham Circuit Clerk

### NINTH DEFENSE

The Plaintiff may have failed to mitigate its damages and TCP Construction relies upon same as a complete or partial bar to this action.

### TENTH DEFENSE

Plaintiff's claims are barred by its own negligence and this Defendant would rely upon same as a complete bar to the claims made against it herein.

### ELEVENTH DEFENSE

The alleged damages, if any, made the subject of Plaintiff's Complaint as against this answering Defendant were substantially caused, brought about or contributed to by the negligence acts or omissions of other parties. But for the sole, comparative, or contributing fault of such other parties, the alleged damages, if any, would not have occurred, and bars Plaintiff's claims against TCP Construction in whole or in part, or entitles TCP Construction to apportionment of fault amongst all parties.

### TWELVTH DEFENSE

The alleged damages, if any, made the subject of Plaintiff's Complaint were substantially caused by the intervening or superseding negligence of other parties to this action for which TCP Construction is not responsible, and which constitute a bar to Plaintiffs' claims against TCP Construction.

### THIRTEENTH DEFENSE

The damages of which the Plaintiff complains may have resulted from some intervening and/or superseding cause over which this Defendant had no responsibility or control and TCP Construction would rely upon same as a complete bar to the claims made against it herein.

Filed                17-CI-00198      05/19/2017            Rick Rash, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
08/15/2018 11:31:24 AM
88890-115

### FOURTEENTH DEFENSE

TCP Construction asserts that the Complaint should be dismissed as no act or failure to act by it constituted the proximate cause of any legally compensable harm or damage to Plaintiff.

### FIFTEENTH DEFENSE

TCP Construction denies any liability or responsibility, vicariously, or otherwise, for any alleged negligence of any contractor that may have been involved in the actions and incidents described in the Complaint.

### SIXTEENTH DEFENSE

The Economic Loss Rule completely, or in the alternative, partially bars Plaintiff's claimed damages.

### SEVENTEENTH DEFENSE

Plaintiff has failed to join an indispensable party or parties to this litigation pursuant to Civil Rule 19, to include but not limited to, other party or parties subcontractors, agents, or representatives who were responsible for or contributed to the failure of the project as alleged by Plaintiff. Which failure of such joinder denies complete relief among those already parties to this Action and/or the party not joined claims an interest relating to the subject of the Action and is so situated that the disposition of the Action in their absence, as a practical matter, may impair or impede their ability to protect that interest or their failure to be joined may leave the persons already parties to this Action subject to a substantial risk of incurred double, multiple or otherwise inconsistent obligations by reason of that claimed interest. That due to said failure to join necessary and indispensable parties, TCP Construction demands that this Action be dismissed.

ANS : 000006 of 000011

Filed                17-CI-00198      05/19/2017            Rick Rash, Oldham Circuit Clerk

## EIGHTEENTH DEFENSE

Because discovery in this matter is just beginning, TCP Construction may have defenses which are not presently known. Therefore, to preserve any such defenses, TCP Construction incorporates by reference as part of this answer to Plaintiff's Complaint all those defenses set forth in Civil Rules 8 and 12 of the Kentucky Rules of Civil Procedure, the applicability of same to be determined during discovery. Moreover, TCP Construction preserves all rights pursuant to Civil Rule 15 of the Kentucky Rules of Civil Procedure to subsequently amend this Answer in order to clarify or add, if necessary, any additional affirmative defenses.

## CROSSCLAIM

Comes the Defendant, T.C. Peters Construction Company ("TCP Construction") by and through counsel, and for its Crossclaim against the Defendants, BTM Engineering, Inc., Commonwealth Roofing Corporation, Duro-Last, Inc., Fischersips, LLC, Hussung Mechanical Contractors, Inc., Christopher Mercier Studio (fer), LLC, Douglas V. Pierson, AIA, LEED, AP, BD+C, K. Norman Berry Associates, Architects, PLLC, Louisville Panels, LLC, Peak Construction, Inc., hereby state as follows:

1. In their Complaint against TCP Construction, Plaintiff has alleged to have suffered damages as result of the alleged negligence and breach of contract by TCP Construction for which Plaintiff claims entitlement to recovery for damages against Defendants, including TCP Construction, jointly and severally, representing damages for compensatory and consequential damages, including its reasonably attorney's fees.

2. To the extent that Plaintiff proves any of the claims alleged against TCP Construction and it is determined to have any liability in connection with the allegations made by Plaintiff, then TCP Construction alleges it is entitled to recover judgment by way of contractual and/or

Filed                    17-CI-00198    05/19/2017              Rick Rash, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
08/15/2018 11:31:24 AM
88890-115

common law indemnity against cross defendants for and to the extent of their acts or omissions to act; substandard or defective planning, design and workmanship; failures to administer, inspect or supervise their own work or the work of others, including, subcontractors; breaches of contract; breaches of warranties, and professional negligence, all of which substandard workmanship and services by and on behalf of cross defendants constitute an intervening and superseding cause to any negligence or fault of TCP Construction and are active, prior and primary to that of TCP Construction.

3.      Alternatively, to the extent that Plaintiff proves any of the claims it has alleged against Defendants and it is determined that TCP Construction has any liability in connection with the allegations made by Plaintiff, then the percentage of fault of all parties, including that of the Plaintiff, should be apportioned among them in determination of the damages awarded Plaintiff, if any.

4.      Alternatively, to the extent one or more of the defendants, including TCP Construction, are determined to have any liability in connection with the allegations made by Plaintiff and are found to be severally and jointly liable to Plaintiff for any damages suffered by it, then TCP Construction may be entitled to contribution from cross defendants for their equal but proportional share of any damages awarded to Plaintiff.

WHEREFORE, TCP Construction pray for the following:

1.      Plaintiff's Complaint be dismissed and taken for naught;

2.      TCP Construction's costs, expenses, and attorney's fees as permitted by wall expended herein;

Filed                    17-CI-00198    05/19/2017              Rick Rash, Oldham Circuit Clerk

ANS : 000008 of 000011

3.  Contribution and/or indemnity in an amount deemed appropriate by the Court in the event TCP Construction should be found liable for all or part of the Plaintiff's claims or damages.

4.  That the Court grant apportionment in an appropriate amount in the event that TCP Construction shall be found liable for all or part of the Plaintiff's claims or damages; and

5.  For any and all relief to which they may appear entitled, including trial by jury on all issues so triable.

Respectfully submitted,

**WARD, HOCKER & THORNTON, PLLC**

Vine Center
333 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859) 422-6000
Fax: (859) 422-6001

By: */s/ Ashley K. Brown*
Ashley K. Brown
J. Tucker Willis
*Counsel for T.C. Peters Construction Co.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via regular U.S. mail, postage prepaid upon the following:

Kenneth A. Bohnert
Maureen P. Taylor
CONLIFFE SANDMANN & SULLIVAN
2000 Waterfront Plaza
325 West Main Street
Louisville, KY 40202
*Counsel for Plaintiff*

Filed            17-CI-00198      05/19/2017         Rick Rash, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
08/15/2018 11:31:24 AM
88890-115

Dennis C. Wiggins
Gwin, Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, KY 40202
*Counsel for Commonwealth Roofing*

Doug P. Dawson
920 Lily Creek Road, Suite 102
Louisville, KY 40243
*Counsel for Fischersips, LLC, and Louisville Panels, LLC*

Robert Brooks
Boehl, Stopher & Graves
2300 Aegon Center
400 West Market Street
Louisville, KY 40202
*Counsel for K. Norman Berry Associates, Architects, PLLC*

Duro-Last, Inc.
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601
*Defendant*

Bryce Cotton
Blackburn, Domene & Burchett
614 West Main Street, Suite 3000
Louisville, KY 40202
*Counsel for Hussung Mechanical Contractors, Inc.*

David A. Trevey
Kyle M. Virgin
Fulkerson, Kinkel & Marrs, PLLC
239 North Broadway
Lexington, KY 40507
*Counsel for BTM Engineering, Inc.*

Filed            17-CI-00198      05/19/2017         Rick Rash, Oldham Circuit Clerk

Filed          17-CI-00198    05/19/2017          Rick Rash, Oldham Circuit Clerk

NOT ORIGINAL DOCUMENT
08/15/2018 11:31:24 AM
88890-115

John W. Walters
Anthony M. Pernice
771 Corporate Drive, Suite 900
Lexington, KY 40503
*Counsel for Fischersips, LLC, and Louisville Panels, LLC*

W. Craig Robertson, III
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507
*Counsel for Christopher Mercier Studio (fer), LLC, and Douglas V. Pierson*

All on this the 19th day of May, 2017.

*/s/ Ashley K. Brown*
_____
Ashley K. Brown
J. Tucker Willis

G:\CASES\CL\CL6333\Pleadings\Answer.jtw.docx